T.C. Summary Opinion 2010-77

UNITED STATES TAX COURT

MING ZENG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18492-08S.                    Filed June 17, 2010.

Ming Zeng, pro se.

<u>Nancy P. Klingshirn</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,256 deficiency in petitioner's 2005 Federal income tax. We must decide: (1) Whether petitioner is entitled to a deduction claimed on Schedule C, Profit or Loss From Business, for meals and entertainment expenses of $312; (2) whether petitioner is entitled to a Schedule C deduction for travel expenses of $3,850; and (3) whether petitioner is entitled to a Schedule C deduction for car and truck expenses of $2,283.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.

At the time the petition was filed, petitioner resided in Ohio.

Petitioner is a trained oncologist and cancer researcher. In 2004 petitioner began a consulting business that he named Zymenn, Inc. The objectives of his consulting business were to transfer retired medical equipment from the United States to China and to train medical personnel from China.

On his timely filed 2005 Form 1040, U.S. Individual Income Tax Return, petitioner reported wage income of $288,276. Included with petitioner's Form 1040 was a Schedule C wherein he reported a net loss of $12,110 from Zymenn, Inc. Petitioner

reported zero gross receipts and zero gross income from Zymenn, Inc., during 2005. Zymenn, Inc., was not profitable because petitioner was not able to transfer any medical equipment to China on account of a change in government regulations. Petitioner testified that government regulations in China changed in 2005 and when this happened he could not make any money. The $12,110 net loss was computed entirely from petitioner's Schedule C claimed expenses. Petitioner claimed the following Schedule C expenses related to Zymenn Inc.:

| Expense | Amount |
|---|---|
| Advertising | $540 |
| Car and truck | 2,283 |
| Commissions and fees | -0- |
| Contract labor | -0- |
| Insurance | 200 |
| Interest: | |
|   Mortgage | -0- |
|   Other | -0- |
| Legal and professional services | 375 |
| Office expense | 100 |
| Rent or lease: | |
|   Vehicles, machinery, and equipment | -0- |
|   Other business property | -0- |
| Repairs and maintenance | 250 |
| Supplies | 100 |
| Taxes and licenses | 365 |
| Travel | 3,850 |
| Deductible meals and entertainment | 312 |
| Utilities | 240 |
| Other expenses | 860 |
| Business use of home | 2,635 |
|   Total | 12,110 |

On June 10, 2008, respondent issued to petitioner a notice of deficiency denying some, but not all, of petitioner's Schedule C deductions related to Zymenn, Inc. Respondent disallowed

petitioner's claimed deductions for meals and entertainment of $312, travel of $3,850, and car and truck of $2,283.  These deductions were disallowed for lack of substantiation and/or failure to establish a business benefit or purpose.

During 2005 petitioner made seven trips to China.  Some of the trips were for both business and personal purposes, but three of the trips to China were pure business trips.  The purpose of the three trips was to talk with the staff at a hospital in China to determine how petitioner could help the hospital.  During these three trips to China petitioner made contact with and talked with medical professionals in an internal medicine department, a cancer institute, and an oncology department.  The business trips were taken in January, April, and August 2005.  Airfare receipts for the three business trips indicate that the costs of the airfare were $1,400, $1,080, and $1,407.63, respectively.  Receipts for the April and August 2005 trips indicate issue dates during 2005; the receipt for the January 2005 trip indicates that it was issued on December 10, 2004.

## Discussion

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish that he is entitled to the deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred in carrying on a trade or

business.  The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact.  Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  Generally, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business.  Commissioner v. Tellier, 383 U.S. 687, 689 (1966).

Section 274(d) imposes heightened substantiation requirements for any claimed deduction under section 162 or 212 for any traveling expense (including meals and lodging while away from home) and for listed property.  See sec. 274(d)(1), (4).  Listed property includes passenger automobiles.  Sec. 280F(d)(4)(A)(i).  Under the heightened substantiation requirements a taxpayer must substantiate his expenses by either "adequate records" or "sufficient evidence corroborating the taxpayer's own statement".  Sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  "To meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * *, and documentary evidence".  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Generally, corroborative

evidence must be direct evidence, such as a statement in writing or the oral testimony of witnesses involved in the event in relation to which a deduction is claimed, or documentary evidence such as described in section 1.274-5T(c)(2), Temporary Income Tax Regs., supra. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). In proving the business purpose of an expenditure, the corroborative evidence may be circumstantial. Id.

Traveling Expenses (Including Meals and Entertainment)

Under the heightened substantiation requirements for traveling expenses (including meals and lodging while away from home) a taxpayer must prove the following elements: (i) The amount of each separate expenditure for traveling away from home; (ii) the dates of departure and return for each trip away from home spent on business; (iii) the destinations or locality of travel, described by name of city or town or other similar designation; and (iv) the business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

On his 2005 Federal income tax return, petitioner claimed $312 of deductible meals and entertainment expenses. See sec. 274(n). Petitioner neither testified about nor proffered any substantiation or other documentary evidence establishing the

claimed $312 of meals and entertainment expenses.  Respondent's determination to disallow the $312 of meals and entertainment expenses is sustained.

As to the $3,850 of traveling expenses, petitioner testified that although he made seven trips to China during 2005 he claimed a deduction only for the three trips which were "pure business trips."  Moreover, the only traveling expenses claimed were expenditures for the airfare purchased for the three trips.  Petitioner provided copies of receipts, boarding passes, and his passport to substantiate the expense and dates of travel to and from China.  Petitioner's receipts indicate that airfare for two of the three so-called pure business trips was purchased during 2005; however, the airfare for the January 2005 trip was purchased in 2004.  Section 461(a) provides that "The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income."  Because petitioner used the cash method of accounting for his consulting business and purchased the airfare for the January 2005 trip during 2004, that expense is not properly deductible for the year at issue.  With respect to the April and August 2005 trips to China, petitioner credibly testified that the trips were necessary for him to establish a working relationship with hospitals and medical personnel in China for his consulting

business. We find that petitioner has demonstrated a business purpose for the April and August 2005 trips to China and that he has established the cost of the airfare, the dates of the travel, and the location to which he traveled. Therefore, we hold that petitioner is entitled to deduct the traveling expenses of $1,080 and $1,407.63 for the April and August 2005 trips, respectively.

Car and Truck Expenses

Under the heightened substantiation requirements for car and truck expenses a taxpayer must prove the following elements: (i)(A) The amount of each separate expenditure; (i)(B) the amount of each business/investment use (i.e., mileage for automobiles) and the total use for the taxable period; (ii) the date of the expenditure or use with respect to the automobile; and (iii) the business or investment purpose for an expenditure or use with respect to the automobile. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

On his 2005 Federal income tax return petitioner claimed car and truck expenses of $2,283. To substantiate his business expenses for the use of his vehicle petitioner prepared and proffered a mileage summary, which indicates that he claimed to have driven 5,000 miles for business during 2005. Petitioner testified that he prepared the mileage summary only after having received correspondence from the Internal Revenue Service and that he prepared it from "Memory, and some of it was from--well,

my calendars and my memory." Furthermore, petitioner has not established the dates of use[2] or the business purpose for each use of his automobile. Thus, petitioner failed to establish eligibility for a deduction for car and truck expenses. Consequently, we sustain respondent's determination to disallow petitioner's claimed car and truck expenses.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[2]Petitioner's mileage summary provides a total of the business mileage for each month during 2005 but does not otherwise indicate the date of use of petitioner's automobile or the business purpose for each use during the months represented in the mileage summary.